IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal Case No. 1:15-CR-22-GNS |
| | ) | Electronically Filed |
| GARY HANK THOMPSON | ) | |

## SENTENCING MEMORANDUM

*ELECTRONICALLY FILED*

The United States of America, by counsel, Assistant United States Attorney Amanda Gregory, files its memorandum in support of sentencing in this action, currently scheduled for July 7, 2016. The United States does not plan to put on testimony at the hearing.

The United States concurs with the Guideline calculations in the initial Presentence Investigation Report (PSR), which include an adjusted offense level of 12, a Criminal History Category of VI, and a sentencing range of 30 to 37 months. It is the position of the United States that a sentence of 27 months is appropriate as to Counts 1, 2, and 3, and restitution should be ordered in the amount of $106,716.07.

### I.  OFFENSE CONDUCT

Defendant Thompson has been charged with one count of false statement to the Social Security Administration, in violation of Title 42, United States Code, Section 1383a(2); one count of fraudulently securing Supplemental Security Income, in violation of Title 42, United States Code, Section 1383a(3)(A); and one count of stealing government funds, in violation of Title 18, United States Code, Section 641.

In or around August 2009, defendant Thompson applied for Supplemental Security

Income through the Social Security Administration.  His application for Supplemental Security Income served as a dual application for Medicaid benefits in Kentucky.  His application was primarily based on injuries and impairments he suffered as a result of a serious accident in 1991.  During his initial interview and through the process of recertifying his benefits, defendant Thompson exaggerated and misrepresented his impairments in order to qualify for benefits.  Defendant Thompson also made omissions and misstatements regarding his income and resources, which were material to whether he qualified for benefits and the amount of benefits he received.  He continued to receive benefits through April 2013, when a Technical Expert at the Social Security Administration uncovered his fraud.  After defendant Thompson's misrepresentations regarding his disability were revealed, the Social Security Administration examined his full file, including medical records and school records, and determined that he did not have a disability that qualified him for Supplemental Security Income.

As a result of defendant Thompson's misstatements and misrepresentations, he received $24,884.80 in Supplemental Security Income payments to which he was not entitled.  Additionally, he received $81,831.27 in Medicaid services to which he was not entitled.

## II.  GUIDELINES CALCULATION

The United States agrees with Probation's Guideline calculation in the initial Presentence Report.  The total offense level is 12.

## III.  CRIMINAL HISTORY

The United States does not object to criminal history calculation in the initial Presentence Investigation Report.  Defendant has a criminal history score of 13 and a Criminal History Category of VI.

## IV.  SENTENCING FACTORS

The total offense level should be 12 for Counts 1, 2, and 3.  The Criminal History Category is VI.   The sentencing range pursuant to the Guidelines would be 30 to 37 months.  The United States takes the position a sentence of 27 months, which is a slight three month departure below the low end of the Guidelines, is appropriate.

This Court must ultimately affix a sentence which is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2).  Title 18, United States Code, Section 3553(a) guides the Court regarding factors to consider when imposing a sentence.  That section directs courts to consider the following:

(1)  the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)  the need for the sentence imposed:

  (A)  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

  (B)  to afford adequate deterrence to criminal conduct;

  (C)  to protect the public from further crimes of the defendant; and

  (D)  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)  the kinds of sentences available;

(4)  the kinds of sentence and the sentencing range established for--

  (A)  the applicable category of offense committed by the applicable category of defendant as set forth in the Guidelines

  . . .

(5)  any pertinent policy statement--

  . . .

(6)  the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)  the need to provide restitution to any victims of the offense.

Defendant stands convicted of Social Security fraud and theft of government property.  The sentence imposed in this action should adequately reflect the seriousness of the offense and

the characteristics of the defendant, promote respect for the law, provide just punishment for the offense, and deter further criminal conduct. For the reasons that follow, the United States respectfully requests that the Court impose a sentence of 27 months with respect to Counts 1, 2, and 3, and order restitution, which is sufficient, but not more than necessary to satisfy these factors.

### A. The nature and circumstances of the offense and the history and characteristics of the defendant.

Defendant Thompson's conduct in exaggerating his disability involves an ongoing, orchestrated fraud. Additionally, based on news footage, he also exaggerated his disability in order to play on people's sympathies while panhandling. Thus, his conduct is not only an abuse of these social programs, but is disrespectful towards those who do have more severe impairments.

While the defendant's offense conduct is egregious, the United States acknowledges that the defendant was not getting rich by bilking the Social Security system. Over a period of four years, he only received $24,884.80 in direct payments from Social Security. Based on what is known to the United States, defendant Thompson was living a *very* modest lifestyle. The majority of the loss amount comes from the cost of Medicaid services for medical treatments he received, rather than direct payments.

With respect to the defendant's personal characteristics, the defendant is a Criminal History Category VI and has an extremely lengthy list of convictions and arrests, including several serious offenses. However, defendant Thompson suffers from and has been treated for impulse-control issues, and a significant portion of his criminal history seems to be the type of offenses generally associated with impulsivity disorders.

In initially negotiating the plea agreement, at a time when both defense counsel and the United States were hopeful they would be able to sentence the case without a PSR, and thus move the defendant directly into federal custody, the United States took these factors into consideration. While the United States did not have the thorough criminal history report prepared by Probation, the United States realized defendant Thompson was likely a Criminal History Category V or, more probably, VI. However, based on the defendant's personal characteristics and the offense, the United States agreed to sentence based on Criminal History Category V. Based on these same factors, the United States still takes the position the defendant should receive a sentence of 27 months, which is three months less than the low end of the appropriate Guideline range.

**B. The need for the sentence imposed to reflect the seriousness of the offense and to provide just punishment for the offense**.

The Supplemental Security Income program and the Medicaid program are welfare programs designed to help individuals who are unable to support themselves. Supplemental Security Income provides funds to low-income individuals who are unable to work because they are aged, blind, or disabled. The Medicaid program provides medical and health-related services for low-income individuals. The United States acknowledges that the defendant does appear to suffer from an impulsivity disorder and other impairments arising from the 1991 accident, even though these impairments do not rise to the level misrepresented by the defendant, or to the level that would qualify him for Supplemental Security Income. However, there may be many people who are having trouble getting by who do not qualify for these programs. The programs are only designed to fund qualifying individuals. If everyone received benefits, the programs could not remain solvent.

In this case, defendant Thompsons's fraud resulted in a total loss to the government of $106,716.07. The theft was in the form of funds from Supplemental Security Income and payments to service providers from Medicaid. Defendant's sentence should reflect the seriousness of stealing from important government programs.

**C. The need to provide adequate deterrence for criminal conduct.**

Individuals who apply for and receive Supplemental Security Income benefits are largely on the honor system, as the Social Security Administration has limited resources to check up on what applicants report. As such, the number of cases of fraud that are identified and prosecuted are only a small percentage of the total fraud taking place. It is important that individuals who are identified and convicted are sentenced in a way to provide deterrence to others.

**D. In balancing the sentencing factors, and taking into consideration the Guideline range, a sentence of 27 months is appropriate.**

In considering the Guideline range and the sentencing factors, a sentence of 27 months is appropriate. Incarceration is necessary because of the seriousness of the crime and the need to deter similar conduct. Additionally, defendant Thompson's criminal history makes him a risk for recidivism (though the likelihood that he will again commit this particular type of crime is probably low). However, defendant's offense and personal characteristics, including the impact the defendant's disorder has likely had on his criminal history and the fact that the defendant's personal profit from the offense was significantly less than that the total loss amount, merit a slight three-month reduction from the low-end Guideline sentence. As such, a sentence of 27 months is appropriate.

## V. CONCLUSION

For the reasons set forth herein, the United States respectfully requests the Court to apply the Sentencing Guidelines, follow the statutory directives set out in 18 U.S.C. § 3553(a), and accept the plea agreement, by imposing a sentence of 27 months for Counts 1, 2, and 3, and order restitution in the amount of $106,716.07.

        Respectfully submitted,

        JOHN E. KUHN, JR.
        United States Attorney

        */s/ Amanda E. Gregory*
        Amanda E. Gregory
        717 West Broadway
        Louisville, Kentucky  40202
        PH:  (502) 582-5016
        FAX: (502) 582-5097

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2016, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following: Laura Wyrosdick, defense counsel.

        s/ *Amanda E. Gregory*
        Amanda E. Gregory
        Assistant U.S. Attorney