FILED
DISTRICT COURT CLERK
WESTERN DISTRICT OF KY

2016 JUL 25 AM 9: 22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

UNITED STATES OF AMERICA            PLAINTIFF

v.            CRIMINAL NO. 1:15-CR-22-GNS

GARY HANK THOMPSON            DEFENDANT

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the United States of America, by John E. Kuhn, Jr., United States Attorney for the Western District of Kentucky, and defendant, Gary Hank Thompson, and his attorney, Laura Wyrosdick, have agreed upon the following:

1.     Defendant acknowledges that he has been charged in the Indictment in this case with violations of Title 18, United States Code, Section 641, and Title 42, United States Code, Section 1383a(2) and 1383a(3)(A). Defendant further acknowledges that the Indictment in this case seeks forfeiture of any property, real or personal, which constitutes or is derived, directly or indirectly, from gross proceeds traceable to a violation of Title 18, United States Code, Section 641, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461, by reason of the offense charged in Count 3 of the Indictment.

2.     Defendant has read the charges against him contained in the Indictment, and those charges have been fully explained to him by his attorney. Defendant fully understands the nature and elements of the crimes with which he has been charged.

3.  Defendant will enter a voluntary plea of guilty to Counts 1 to 3 in this case. Defendant will plead guilty because he is in fact guilty of the charges. The parties agree to the following factual basis for this plea:

> The conduct of Defendant, Gary Hank Thompson, described and specified below, took place in Warren County, Kentucky, in the Western District of Kentucky, and elsewhere.
>
> From in or around August 2009 through in or around April 2013, as a result of the Defendant's misrepresentations, the Defendant received Supplemental Security Income benefits from the Social Security Administration in the amount of $24,884, to which he was not entitled. Supplemental Security Income is a federal government program that provides benefits to individuals who are both (1) disabled and (2) have limited income and resources. In his initial application for Supplemental Security Income, Defendant also applied for Medicaid, and during the same period, obtained $81,831.27 in Medicaid benefits.
>
> At various points, including during the initial field interview with Social Security Administration personnel in August 2009, and during the April 15, 2013, redetermination meeting with Social Security Administration personnel in Warren County, Kentucky, defendant Gary Hank Thompson falsely represented his mental condition by slowing his speech and stuttering, and generally saying and doing things to make it seem that he had issues with comprehension, when he did not. Defendant misrepresented his mental condition in this way to qualify for benefits and to continue qualifying for Supplemental Security Income benefits. Defendant's misrepresentations of his mental condition were material to whether he would receive Supplemental Security Income benefits, as he initially qualified under "organic mental disorders." When the Social Security Administration was provided with accurate information concerning the Defendant's mental condition, it reevaluated whether he qualified for Supplemental Security Income and determined he did not.
>
> Additionally, the Defendant made material omissions and misstatements regarding his income and resources, which affected his eligibility for Supplemental Security Income benefits. Between August 2009 and April 2013, the Defendant made multiple statements to the Social Security Administration that he had no gifts, income, or resources. This was not in fact true, as the Defendant later admitted he failed to report amounts of up to $40 a day that he made panhandling, which would have affected his eligibility for Supplemental Security Income benefits.

4.  Defendant understands that the charges to which he will plead guilty carry a combined maximum term of imprisonment of 20 years, a combined maximum fine of $750,000, and a three year term of supervised release. Defendant understands that an additional term of

imprisonment may be ordered if the terms of the supervised release are violated, as explained in 18 U.S.C. § 3583. Defendant understands that as a result of the charges to which he will plead guilty he may be ordered to forfeit any property, real or personal, which constitutes or is derived, directly or indirectly, from gross proceeds traceable to a violation of Title 18, United States Code, Section 641, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461, by reason of the offense charged in Count 3 of the Indictment.

5. Defendant understands that if a term of imprisonment of more than one year is imposed, the Sentencing Guidelines require a term of supervised release and that he will then be subject to certain conditions of release. §§5D1.1, 5D1.2, 5D1.3.

6. Defendant understands that by pleading guilty, he surrenders certain rights set forth below. Defendant's attorney has explained those rights to him and the consequences of his waiver of those rights, including the following:

A. If defendant persists in a plea of not guilty to the charges against him, he has the right to a public and speedy trial. The trial could either be a jury trial or a trial by the judge sitting without a jury. If there is a jury trial, the jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

B. At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other

evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

    C.    At a trial, defendant would have a privilege against self-incrimination and he could decline to testify, without any inference of guilt being drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

7.    Defendant understands that the United States Attorney's Office has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to the sentencing process, and to respond to all legal or factual inquiries that might arise either before, during, or after sentencing. Defendant admits all acts and essential elements of the indictment counts to which he pleads guilty.

8.    Defendant agrees that the amount of restitution ordered by the Court shall include Defendant's total offense conduct, and is not limited to the counts of conviction. The parties agree and stipulate that Defendant shall pay restitution in the amount of $106,716.07. The parties agree that the restitution shall be ordered due and payable on the date of sentencing. Defendant agrees that any payment schedule imposed by the Court is without prejudice to the United States to take all actions available to it to collect the full amount of the restitution at any time. Restitution payments shall be made payable to the U.S. District Court Clerk at Gene Snyder Courthouse, 601 W. Broadway, Louisville, KY 40202. The restitution shall be paid to or on behalf of the following victim(s):

| Victim | Amount |
| --- | --- |
| Social Security Administration | $24,884.80 |

   Kentucky Department for Medicaid Services   $81,831.27

  Defendant agrees that not later than 45 days from entry of the Plea Agreement, Defendant shall provide to the United States, under penalty of perjury, a financial disclosure form listing all Defendant's assets/financial interests. Defendant authorizes the United States to run credit bureau reports prior to sentencing, and Defendant will sign releases authorizing the United States to obtain Defendant's financial records. Defendant understands that these assets and financial interests include all assets and financial interests in which Defendant has an interest, direct or indirect, whether held in Defendant's own name or in the name of another, in any property, real or personal. Defendant shall also identify all assets valued at more than $5,000 which have been transferred to third parties since the date of the first offense, including the location of the assets and the identity of the third parties. Defendant agrees that the United States may share the contents of the reports and financial disclosures with the Court and U.S. Probation.

  Defendant agrees to submit to a deposition in aid of collection at times and places that the United States directs. If the Defendant has a financial advisor or accountant, Defendant agrees, at his expense, to make them available to aid the United States in determining Defendant's net worth. Defendant authorizes the United States to file notice of Lis Pendens prior to judgment on any real property Defendant owns either individually or jointly. Defendant agrees to his name and debt being added to the Treasury Offset Program.

  Upon execution of the Plea Agreement, Defendant agrees not to transfer, sell, or secrete any of Defendant's property, real or personal, held jointly, individually or by nominee/third party, valued at $5,000 or more without first advising the United States not less than 10 days before the proposed sale or transfer. Defendant agrees that failure to comply with any of the provisions of this Agreement constitutes a material breach of the Plea Agreement and Defendant

agrees that the United States is relieved of its obligations under this Agreement and/or may not move the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may in its discretion argue to the Court that the Defendant should not receive a two-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). However, the Defendant may not withdraw his guilty plea because of his breach.

9. Defendant acknowledges liability for the special assessment mandated by 18 U.S.C. § 3013 and will pay the assessment in the amount of $300 to the United States District Court Clerk's Office by the date of sentencing.

10. At the time of sentencing, the United States will

-agree that a sentence of 42 months is the appropriate disposition of this case.

-agree that a reduction of 2 levels below the otherwise applicable Guideline for "acceptance of responsibility" as provided by §3E1.1(a) is appropriate, provided the defendant does not engage in future conduct which violates any federal or state law, violates a condition of bond, constitutes obstruction of justice, or otherwise demonstrates a lack of acceptance of responsibility. Should such conduct occur and the United States, therefore, opposes the reduction for acceptance, this plea agreement remains binding and the defendant will not be allowed to withdraw his plea.

11. Both parties have independently reviewed the Sentencing Guidelines applicable in this case, and in their best judgment and belief, conclude as follows:

A. The Applicable Offense Level should be determined as follows:

| | | |
|---|---|---|
| 2B1.1(a)(2) | Base Offense Level | 6 |
| 2B1.1(b)(1)(E) | Loss More than $95,000 | +8 |
| **Adjusted Offense Level** | | **14** |
| 3E1.1(a) | Acceptance and Timeliness | -2 |
| **Total Offense Level** | | **12** |

B. The Criminal History of defendant shall be determined upon completion of the presentence investigation, pursuant to Fed. R. Crim. P. 32(c).

Both parties reserve the right to object to the USSG §4A1.1 calculation of defendant's criminal history.

  C. Both parties reserve the right to argue as to whether the agreed-upon sentence should run concurrently or consecutively to any undischarged state term of imprisonment pursuant to USSG § 5G1.3.

  12. Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, the Defendant knowingly and voluntarily waives the right (a) to directly appeal his conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742, and (b) to contest or collaterally attack his conviction and the resulting sentence under 28 U.S.C. § 2255 or otherwise.

  13. Defendant understands and agrees that by entering into this Plea Agreement, he becomes subject to 12 U.S.C. § 1829 which precludes him from participating, directly or indirectly, in the conduct of the affairs of any insured depository institution without the prior written consent of the Federal Deposit Insurance Corporation or other federal financial institution regulatory agency.

  14. Defendant waives and agrees to waive any rights under the Speedy Trial Act and understands and agrees that sentencing may be delayed. The reason for such waiver is so that at sentencing the Court will have the benefit of all relevant information.

  15. Defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to defendant, arising out of the investigation or prosecution of the offenses covered by this Agreement.

16. The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

17. Defendant agrees to interpose no objection to the United States transferring evidence or providing information concerning defendant and this offense, to other state and federal agencies or other organizations, including, but not limited to the Internal Revenue Service, other law enforcement agencies, and any licensing and regulatory bodies, or to the entry of an order under Fed. R. Crim. P. 6(e) authorizing transfer to the Examination Division of the Internal Revenue Service of defendant's documents, or documents of third persons, in possession of the Grand Jury, the United States Attorney, or the Criminal Investigation Division of the Internal Revenue Service. Defendant further agrees to the entry of an order under Fed. R. Crim. P. 6(e) authorizing the use of documents in possession of the Grand Jury to be used during the defendant's deposition as contemplated in paragraph 8 of this Agreement.

18. If the Court refuses to accept this agreement and impose sentence in accordance with its terms pursuant to Fed. R. Crim. P. 11(c)(1)(C), this Agreement will become null and void and neither party shall be bound thereto, and defendant will be allowed to withdraw the plea of guilty.

19. Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all aggravating and mitigating factors. Defendant states that he has informed the United States Attorney's Office and the Probation Officer, either directly or through his attorney, of all mitigating factors.

20. This document and the supplemental plea agreement state the complete and only Plea Agreements between the United States Attorney for the Western District of Kentucky and defendant in this case, and are binding only on the parties to this Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that are signed by all parties or on the record in Court. No other promises or inducements have been

or will be made to defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

AGREED:

JOHN E. KUHN, JR.
United States Attorney

By:

_____         7-25-16
Amanda E. Gregory                                  Date
Assistant United States Attorney

I have read this Agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

_____         7/25/16
Gary Hank Thompson                               Date
Defendant

I am the defendant's counsel. I have carefully reviewed every part of this Agreement with the defendant. To my knowledge my client's decision to enter into this Agreement is an informed and voluntary one.

_____         7/25/16
Laura Wyrosdick                                       Date
Counsel for Defendant

JEK:AEG:03102016